IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
ex rel. DANIEL COLEMAN #N84660, )
)
Petitioner, )
)
v. ) No. 11 C 7869
)
DAVID REDNOUR, WARDEN, )
)
Respondent. )

MEMORANDUM OPINION AND ORDER

Daniel Coleman ("Coleman") seems to think that his lack of funds, or perhaps the special solicitude ordinarily accorded pro se litigants (see Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), entitles him to abuse the justice system by advancing an endless series of collateral attacks on his July 1999 murder conviction and the life sentence that he has been serving since then. Thus after a series of unsuccessful state court efforts to undo the conviction and sentence, at the beginning of 2008 Coleman turned to this District Court to seek federal habeas relief under 28 U.S.C. §2254.[1] This Court's brief January 31, 2008 memorandum opinion and order ("Opinion"), to which it attached a photocopy of the Illinois Appellate Court's June 22, 2007 order affirming the summary dismissal of Coleman's pro se petition for relief under the Illinois Post-Conviction Hearing Act, rejected his federal effort because he had

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

procedurally defaulted his claims: All of the state courts had dispatched those claims on an independent and adequate state ground.

Nothing daunted, Coleman again returned to the state courts. On November 30, 2009 he filed a document captioned "Motion to Dismiss" in the Circuit Court of Cook County, which was rejected by that court in a brief January 21, 2010 order, and he then pursued that dismissal up the line--once again unsuccessfully. Just as it had done with Coleman's direct appeal and then with his post-conviction petition, the Illinois Appellate Court affirmed the Circuit Court's judgment of dismissal in a brief unpublished October 7, 2010 order, after which the Illinois Supreme Court denied Coleman's motion for leave to file a state habeas corpus petition on May 20, 2011.

Now Coleman has knocked again at the federal courthouse door, seeking entry via a second Section 2254 petition. It is unnecessary to explore the legal frivolousness of the current set of Coleman's contentions, such as his bizarre assertion at this belated date that subject matter jurisdiction was lacking over his original criminal case and that his defense counsel were constitutionally deficient because of a failure to advance that argument.

And the reason that none of those substantive and procedural deficiencies needs to be explored is because Coleman's current

filing carries its own death warrant in federal habeas terms: In the many years that have passed since his "judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review" (Section 2244(d)(1)(A)), far more than a year has elapsed during which Coleman had no "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment" (Section 2244(d)(2)). Hence his extraordinarily late present effort is not saved by the last-quoted tolling provision.[2]

Accordingly Coleman himself has established that his current filing, even apart from its other substantive and procedural defects, is clearly out of time. And that being so, it is once again true (just as it was the last time around nearly four years ago--see Opinion at 3) that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" (Section 2254 Rule 4). Hence the current Petition by Coleman is also dismissed (id.).

This dismissal of the Petition also carries with it some

---

[2] All of the factual background referred to here has been drawn directly from Coleman's own statements in his petition and the attached exhibits, which are photocopies of various of the state court filings and orders. That being so, this Court's preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules") suffices for a dispositive resolution, without any need to order the respondent Warden to file anything in response (as Rule 4 permits).

3

other consequences. Coleman has included with his Petition an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"), each employing a printed form made available by this District Court's Clerk's Office. In light of the current dismissal, the Motion is of course denied as moot. But as for the Application, Coleman knows better--his filing back in 2008 was accompanied by a payment of the modest $5 filing fee applicable to Section 2254 petitions, but he has not tendered even that small payment this time. This Court is therefore transmitting a copy of this Opinion to the authorities at Menard Correctional Center, where Coleman is in custody, and that facility is ordered to pay the $5 fee out of Coleman's trust fund account and to remit it (with a notation referring to this case number, 11 C 7869) to:

> Clerk, United States District Court
> 219 South Dearborn Street, 20th Floor
> Chicago IL 60604
> Attention: Financial Department

_____
Milton I. Shadur
Senior United States District Judge

Date: November 8, 2011